ROBERTS & SCHAEFFER COMPANY *v.* JONES.

Opinion delivered January 7, 1907.

1. JUDGMENTS—AMENDMENTS.—The judgments and orders of the court in any case may be corrected to speak the truth only by the court, and not by the judge in vacation.  (Page 314.)

2. SAME.—Where the record shows that time was given to appellant to file a bill of exceptions at an adjourned term of court, and appellant contends that the order giving time was made by the judge after the court had adjourned for the term, it was not competent to amend the record so as to show this adjournment by proceedings before the judge had after the adjournment.  (Page 314.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; motion to strike out bill of exceptions postponed.

*T. B. Pryor,* for appellee, in support of motion.

1. When the court fixed the time in which to file the bill of exceptions, and that time has been permitted to pass without application for, and order by, the court changing the limitation of time originally fixed, the court is thereafter without jurisdiction to extend the time for filing the bill of exceptions. Compare Arkansas and Missouri statutes, Kirby's Digest, § 6222; Rev. Stat. Mo., § 2168. 83 S. W. 539; 119 Mo. 69; 113 Mo. 559; 24 Ind. 347. Wells on Questions of Law and Fact, 640; 3 Enc. of Pl. and Pr. 482-3; 3 Cyc. 42-3; 53 Ark. 415; 39 Ark. 558; 42 Ark. 488; 58 Ark. 112.

2. The court had no jurisdiction, after appeal granted, to set aside an order, but only retained jurisdiction to settle the bill of exceptions. 2 Cyc. 966.

3. It is shown conclusively that there was no order of adjournment on January 23. Special adjourned sessions of a court may be held in continuation of the regular terms, upon its being so ordered by the court or judge in term time and entered by the clerk on the record of the court. Kirby's Digest, § 1531. When the time came to convene the circuit court of Scott County, the circuit court of Greenwood District of Sebastian County, *ipso jure,* became adjourned. 69 Ark. 457. An order can not be antedated so as to create a legal session when there was no adjournment to a day certain. 21 Mo. App. 322.

*Read & McDonough,* for appellant, opposing motion.

1. The order of the court denying the motion of the appellees was not a judgment or final order of an inferior court from which an appeal may be presented to this court. Kirby's Digest, § § 1189, 1190; 26 Ark. 468; 27 Ark. 113. There is, therefore, nothing before this court for consideration other than the regular transcript of the record, which shows that the court was regularly in session at the time named. On appeal a bill of exceptions presented by the appellee will not be considered. 15 Mo. App. 585.

A court, in this State, has control over its orders and judgments during the term in which they are made, and for suffi-

cient cause may modify or set them aside. 27 Ark. 295. The action of the court or judge in signing or refusing to sign a bill of exceptions is not a subject of exception which may be brought before this court on appeal. Kirby's Digest, § 6221; 33 Ark. 569; 46 Md. 226; 2 Ark. 512.

2. It was within the power of the court to set aside the order allowing 90 days in which to file the bill of exceptions. 39 Ark. 448; 57 Ark. 10; 2 Ark. 229; 65 Ark. 404; 32 Ark. 278; 58 Ark. 110; 53 Ark. 415; 52 Ark. 554.

3. It was in the discretion of the judge to say whether or not he would testify, and his refusal can not be taken as impeaching the record. Kirby's Digest, § 3144; 60 Ark. 85; Rapalje on Witnesses, § 45. The record is presumed to be correct. 20 Ark. 92.

McCulloch, J. Appellee, T. E. Jones, sued appellant, Roberts & Schaeffer Company, a corporation, to recover damages for personal injuries alleged to have been sustained while working for appellant, and upon trial of the cause before jury he was awarded damages, and judgment was rendered accordingly. Appellant filed its motion for a new trial, assigning various errors; the same was overruled by the court on January 18, 1906, and time was allowed within which to present and file a bill of exceptions. The bill of exceptions was not filed within the time allowed, but the record filed here shows that on a subsequent day of the term the court extended the time, and that the bill of exceptions was filed within that time.

Appellee contends that the term of the court lapsed on January 23, 1906, and that the order subsequently entered extending the time for filing the bill of exceptions is a nullity. The transcript certified by the clerk contains orders of the court adjourning over from January 23, 1906, to March 12, and from that day to May 1, the day on which the order was entered extending the time for filing the bill of exceptions. Appellee filed his motion on a later day of the same term to correct the record and to set aside the record entry of the order extending the time, and introduced testimony tending to show that there was no adjournment over from January 23, but that the presiding judge vacated the bench without ordering an adjourn-

ment. This motion was overruled, and he brings up the additional record on the hearing of the motion.

We must, until the record entries are corrected by proper orders of the court, accept the certificate of the clerk as being absolutely true, and the frailty of appellee's position is that he sought to have the trial court, on a subsequent day of the same term, to make a finding that the term had previously lapsed and set aside a former record entry on that account. If the term had in fact lapsed, then the court was not, on a subsequent day of the same term, legally in session, and could not adjudicate the validity of the former record entries. The court only, and not the trial judge, can order the amendment of the record.

Appellee further contends that the court, even if legally in session, was powerless to extend the time for filing the bill of exceptions after the expiration of the time first fixed. We will not pass upon that question until it is determined whether or not the court was in fact in session when the order of extension was made.

The consideration of appellee's motion to strike out the bill of exceptions is therefore postponed until the date set for the submission of the cause so as to allow him, if he is so advised, to apply to the lower court in term time to correct the alleged erroneous record entries of the orders of adjournment.